Tania GOLKAR, Plaintiff–Appellant,

v.

John F. KERRY, United States Secretary of State; United States Department of State; Jeh Johnson, Secretary of the Department of Homeland Security; U.S. Department of Homeland Security; Loretta E. Lynch, Attorney General, Defendants–Appellees.

No. 11–57044.

United States Court of Appeals, Ninth Circuit.

Aug. 26, 2015.

Audra Rose Behne, Law Office of Audra R. Behne A Professional Corporation, Encino, CA, for Plaintiff–Appellant.

Melissa S. Leibman, Trial U.S. Department Of Justice, Washington, DC, for Defendants–Appellees.

Before: PREGERSON and FISHER, Circuit Judges and DANIEL,* Senior District Judge.

ORDER

The Memorandum Disposition filed on April 18, 2014, is amended as follows: replace footnote 3 on page 5 with the following text:

The government argues that, under 8 U.S.C. § 1182(b)(3), a consular officer is not required to provide *any* written "notice stating the determination or listing the specific provision or provisions of law under which that alien is inadmissi-

ble if the alien is inadmissible under 8 U.S.C. §§ 1182(a)(2) or (3)." But the Golkars only learned the visa was denied under § 1182(a)(3) after their congressman informed them of that fact years later; in the denial itself, the consular officer simply cited to § 1182(a). It is therefore impossible to know from the face of the denial whether the consular officer complied with a mandatory procedure. *See* 8 U.S.C. § 1182(b)(1) ("[T]he officer shall provide the alien with a timely written notice that ... lists the specific provision or provisions of law under which the alien is inadmissible"). Contrary to the government's argument, this case stands apart from *Kerry v. Din* [—— U.S. ——], 135 S.Ct. 2128 [192 L.Ed.2d 183] (2015). There, the consular officer informed the visa applicant that his visa was denied under § 1182(a)(3)(B), and the Court concluded that under § 1182(b), the consular officer was not required to provide any more specific information than that. *See id.* at 2141. Here, the denial cited no subsection of § 1182(a) at all.

The Petition for Panel Rehearing is otherwise DENIED, and no further petitions for rehearing will be accepted.

* The Honorable Wiley Y. Daniel, Senior District Judge for the U.S. District Court for Colorado, sitting by designation.